IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KYLE DAMOND JONES,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:20-CV-3025-X (BH)** |
| | ) | |
| **DALLAS COUNTY** | ) | |
| | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's complaint should be

**DISMISSED WITH PREJUDICE** for failure to state a claim.

**I. BACKGROUND**

On October 1, 2020, Kyle Damond Jones (Plaintiff) filed this lawsuit against Dallas County

(County), alleging that a Justice of the Peace (JP) had dismissed his lawsuit against a Justice of the

Court of Appeals for the Fifth District of Texas (Justice) without adequate notice and an opportunity

to be heard in violation of federal law. (*See* doc. 3 at 1.)[2] He claims that he received a copy of

Justice's plea to the jurisdiction in the mail on September 29, 2020, he drafted a reply brief that he

intended to file on October 1, 2020, but he learned when he arrived to file it that JP had already

granted it and dismissed his case with prejudice on September 30, 2022.  (*Id.*)[3] Plaintiff contends

that he should have received more time to respond to the plea to jurisdiction, and that the entry of

judgment without allowing him a chance to respond violates the "implied checks and balances in

---

[1]  By *Special Order No. 3-251*, this *pro se* case was automatically referred for findings, conclusions, and recommendation.

[2]  Citations to the record refer to the CM/ECF system number at the top of each page rather than the page numbers at the bottom of each filing.

[3]  Plaintiff attached the order granting the plea to jurisdiction as well as a document entitled "Response to Questions Submitted," which appears to be the response to the plea to jurisdiction he intended to file. (*See id.* at 2-6.)

place in this country..." (*Id.*)  He also claims that JP was biased in favor of Justice because they are both judges. (*Id.*; doc. 8 at 6.)

In response to a Magistrate Judge's Questionnaire (MJQ), Plaintiff clarified that he is suing only County for "not respecting the blue line of the Constitution as put in place by the Supremacy Clause" because his case was dismissed before he had a chance to respond to Justice's "questions." (*See* doc. 8 at 3, 6-7.)  He claims that neither principles of immunity nor a position or job title can "be used to protect wrong actions," as there is no prioritized citizenship, and the failure to adhere to this principle is illegal under 18 U.S.C. § 242. (*Id.; see also* doc. 3 at 1.) He seeks $75,000.00 in damages.  (*See id.* at 7-8.)

## II. PRELIMINARY SCREENING

Plaintiff  has been permitted to proceed *in forma pauperis*. (*See* doc. 6.) Because he is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides  for *sua sponte* dismissal of the complaint, or of any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. JURISDICTION

Because Plaintiff's suit appears to arise from his dissatisfaction with the outcome in state court proceedings, consideration of whether the *Rooker-Feldman* doctrine applies is warranted.[4] The doctrine divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp*, 544 U.S. 280, 284 (2005). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). Only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. 28 U.S.C. § 1257. The *Rooker-Feldman* doctrine has four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the federal suit began; and (4) the federal suit requests review and reversal of the state-court judgment. *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (citing *Exxon Mobil Corp*., 544 U.S. at 284).

The *Rooker-Feldman* doctrine bars consideration of direct attacks on a state court judgment, as well as all claims that are inextricably intertwined with the state court proceedings. *See AEP Energy Services Gas Holding Co. v. Bank of Am.*, N.A., No. CIV.H-03- 4973, 2004 WL 2278770, at *11 (S.D. Tex. Sept. 14, 2004) ("In other words, when claims asserted at the state and federal

---

[4] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

levels are so interwoven that the federal court is 'in essence being called upon to review the state-court decision,' the *Rooker-Feldman* doctrine divests the federal court of subject matter jurisdiction to conduct such a review.") (citing *Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995); *United States v. Shepard*, 23 F.3d 923, 924 (5th Cir. 1994)); *see also Roland v. Texas*, CIVIL ACTION NO. 4:21-CV-415-SDJ-CAN, 2022 WL 1192781, at *7, n.10 (E.D. Tex. Jan. 26, 2022), *rec. accepted* 2022 WL 622320 (E.D. Tex. Mar. 3, 2022); *Illinios Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012) (noting that, while "the doctrine usually applies only where a plaintiff explicitly attacks the validity of a state court's judgment, it can also apply if the plaintiff's claims are so inextricably intertwined with a state court judgment that the federal court is in essnce being called upon to review a state court decision") (internal quotation marks and citations omitted); *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (noting that, in Fifth Circuit jurisprudence, "[a] state court judgment is attacked for purposes of *Rooker-Feldman* 'when the [federal] claims are "inextricably intertwined" with a challenged state court judgment,' or where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment'") (citations omitted). It does not, however bar a federal lawsuit simply because it challenges a state court's legal conclusions. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383-84 (5th Cir. 2013). "[A] federal suit is not barred if the alleged injuries were caused by a defendant's actions rather than by the state court judgment, even if the defendant's actions led to the state court judgment." *Jennings v. Abbott*, 538 F.Supp.3d 682, 693 (N.D. Tex. 2021) (citing *Truong*, 717 F.3d at 382-84.)

Here, while there is inevitably some overlap, Plaintiff seems to primarily to complain of the actions of JP, and not the judgment itself. He only seeks monetary damages against County based

on JP's allegedly improper conduct, and not to overturn or modify the state court judgment. *See*,

*e.g.*, *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (holding

claims barred by *Rooker-Feldman* where "crucially, the only relief [the plaintiff] sought was the

setting aside of the state foreclosure judgment...This demonstrates that his injuries arose from the

state court judgments"); *Brown v. Anderson*, Civil Action No. 3:16-CV-0620-D-BK, 2016 WL

6903730, at *2 (N.D. Tex. Oct. 5, 2016), *rec. accepted* 2016 WL 6893723 (N.D. Tex. Nov. 21,

2016) (citing *Truong*, 717 F.3d at 383) (finding that the *Rooker-Feldman* doctrine barred claims

seeking the reversal of a state court judgment but that claims for monetary damges against the

defendants were "not automatically barred"); (*see also* doc. 8 at 8) (confirming that Plaintiff only

seeks monetary damages). Accordingly, subject matter jurisdiction exists over this action.

### IV. SECTION 1983

Plaintiff's claims against County for alleged violations of his constitutional rights arise under

42 U.S.C. § 1983.[5] That statute "provides for a federal cause of action for the deprivation, under

color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws'

of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim,

Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution

and the laws of the United States; and (2) the deprivation occurred under color of state law. *See*

*Flagg Bros., Inc v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545,

549 (5th Cir. 2005).

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur.,*

*LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983

---

[5] Plaintiff's answers to the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional

rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst, Tex.*,

No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County*

*Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable

under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578

(5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit],

municipal liability under section 1983 requires proof of three elements: a policy maker; an official

policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.*

(citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir.

2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes

the decisions of the government's lawmakers, the acts of its policymaking officials, and practices

so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691-95.

"Official policy" is defined as:

    1.    A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

    2.    A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City*

*of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially unconstitutional, a plaintiff

must demonstrate that it was promulgated with deliberate indifference to the known or obvious

6

consequences that constitutional violations would result. *Piotrowksi*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation...cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept's*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).

Plaintiff has not adequetely plead a § 1983 claim against County. He says that the final policy maker is "the State of Texas which bestows power to Dallas County but Dallas County has a responsibility to respect a citizen." (doc. 8 at 7.) The final policy maker element requires the plaintiff to point out an individual or official with policy making authority, however, and not an entity like a state or municipality, which is unable to act except through its agents. *See*, *e.g.*, *Victoria W. v. Larpenter*, 205 F.Supp.2d 580, 589 (E.D. La. 2002) (explaining that "[b]ecause a municipality necessarily acts through its agents, the policy at issue must be set by a 'policy maker,' i.e. the government's lawmaker, 'or by those whose edicts may fairly be said to represent official policy.'") (citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999)) (citing, in turn, *Monell*,

7

436 U.S. at 694) (*McMillian v. Monroe County*, 520 U.S. 781, 784-85 (1997)).

Second, Plaintiff was specifically asked to describe the policy or custom that violated his rights, and he replied: "The blue line of Article VI Clause 2 of the Constitution was violated by respecting the state as unquestionable through the act of not allowing me time to respond. That is clear and the basis of this lawsuit. The Supremecy Clause demands that no new direction is implied and having prioritized citizen based on a job is a new direction." (doc. 8 at 7.) He has not identified any official or written policy of the County that was the moving force of a constitutional violation.

Nor has he alleged a custom so pervasive that it operates as County policy. To proceed on the theory that a municipality has a custom that, though unwritten, fairly represents municipal policy, the plaintiff must demonstrate "a pattern of abuses that transcends the error made in a single case." *Piotrowski*, 237 F.3d at 582 (citations omitted). A pattern requires similarity and specificity; "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Estate of Davis ex rel. v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005). A pattern also requires "sufficiently numerous prior incidents," as opposed to "isolated instances." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989). Plaintiff only alleges a single example of misconduct here.

Because Plaintiff fails to identify a policy maker and a County policy or custom that was the moving force behind a constitutional violation, his claims against County lack merit and should be dismissed with prejudice.

## V. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at

*1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint."). Because Plaintiff responded to a questionnaire in which he was able to assert all facts supporting his claim, he has pleaded his best case, and leave to amend is not warranted.

## VI. RECOMMENDATION

Plaintiff's claims should be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on this 3rd day of October, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE